IN THE UNITED STATES OF AMERICA
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:09cr4

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| WILLARD AMMONS, | ) |
| AKA/SIDEWINDER AMMONS, | ) |
| Defendant. | ) |
| | ) |
| and | ) |
| | ) |
| EASTERN BAND OF CHEROKEE | ) |
| INDIANS, | ) |
| Garnishee. | ) |

**ORDER OF GARNISHMENT**

**THIS MATTER** is before the Court on the answer of the Eastern Band of Cherokee Indians ("Tribe"), as the Garnishee and the United States of America, as Plaintiff.

On August 18, 2010, Honorable Martin Reidinger, United States District Judge, sentenced the Defendant to serve 36 months incarceration for his convictions for willfully and maliciously setting fire to a dwelling on the Indian Reservation, in violation of 18 U.S.C. §§81 and 1153. *Judgment in a Criminal Case, filed September 3, 2010.* As part of that Judgment, the Defendant was ordered to pay an assessment of $100.00 and restitution of $80,900.00 to the victims of the crime. *Id.* Subsequently, the United States sought to garnish defendant Willard Ammon's gaming *per capita*

revenue. On November 4, 2010, the Court entered a Writ of Continuing Garnishment to the Eastern Band of Cherokee Indians. The United States is entitled to garnishment and has satisfied the prerequisites set forth in 15 U.S.C. §1673.

The Tribe filed an answer on December 3, 2010, and states that it is a sovereign Indian Nation and; that it anticipates receiving future per capita distributions, generally in June and December of each year. The United States Clerk of Court received one *per capita* payment on December 16, 2010, in the amount of $4,099.00 to be applied to the restitution debt in this case.

Indian tribes have traditionally been considered sovereign nations which possess common law immunity from suit; however, that immunity may be abrogated by Congress. *C & L Enter., Inc. v. Citizens Band of Potawatomi Indian Tribe of Oklahoma,* 532 U.S. 411(2001). When Congress enacted the Federal Debt Collection Procedure Act in 1990, ("FDCPA"), it defined a "garnishee" as any person who has custody of any property in which the debtor has a substantial nonexempt interest; and, it defined "person" as including an Indian tribe. 28 U.S.C. §§ 3002(7) and (10). "Congress has the power to statutorily waive a tribe's sovereign immunity." *Northern States Power Co. v. Prairie Island Mdewakanton Sioux Indian Comty.,* 991 F.2d 458, 462 (8th Cir. 1993). The Federal Debt Collection Procedure Act uses unequivocal language to waive this immunity. *C&L Enter., supra*.

As a result, the Tribe as the Garnishee, must pay over to the federal government

any property in which the Defendant has a nonexempt interest. *United States v. Weddell,* 12 F.Supp.2d 999, 1000 (D.S.D. 1998), *aff'd*, 187 F.3d 634 (table), 1999 WL 319323 (8th Cir. 1999). That property includes a *per capita* distribution to tribal members of gaming revenues. *Id.; accord, In re Kedrowski,* 284 B.R. 439 (Bankr.W.D. Wis. 2002).

**IT IS THEREFORE, ORDERED** that an Order of Garnishment is hereby **ENTERED** in the amount of $81,000.00, computed through November 2, 2010, which attaches to each *per capita* distribution of gaming revenues on account of the defendant Willard Ammons, until the full amount of the Judgment is satisfied.

Signed: January 28, 2011

Dennis L. Howell
United States Magistrate Judge