IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CRIMINAL CASE NO. 2:09cr4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) ) vs. ) ) ) WILLARD AMMONS, a/k/a ) SIDEWINDER AMMONS. ) ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 29-1][1], which the Court will construe as a motion to waive restitution. The Government opposes the Defendant's request. [Doc. 29].

I.  PROCEDURAL BACKGROUND

On February 5, 2009, the Defendant was charged in a bill of indictment with willfully and maliciously setting fire to a dwelling on the Indian Reservation, in violation of 18 U.S.C. §§ 81 and 1153. [Doc. 1]. The Defendant pled guilty to this charge on July 22, 2009. On August 18, 2010,

---

[1]Although addressed to the undersigned, the Defendant's letter was not filed with the Court but rather was sent to the address of the United States Attorney in Charlotte. The Government filed its response to this letter in the Court's file and has attached a copy of the Defendant's letter thereto as Exhibit A.

the Defendant was sentenced to 36 months of imprisonment and was ordered to pay a $100.00 assessment and $80,900.00 in restitution to the victims of his crime. [Doc. 20]. The Court ordered the restitution to be paid immediately, or in installments of $50.00 per month, to commence sixty days after release from imprisonment. [Id.]. The Defendant did not appeal his sentence.

The Defendant is a member of the Eastern Band of Cherokee Indians and therefore is entitled to a biannual *per capita* distribution from the Tribe's casino operations. The Government requested that these distributions be garnished for payment toward Defendant's restitution obligation. The Court granted the Government's request and entered an Order of Garnishment on January 28, 2011. [Doc. 28]. All garnished funds are paid to the Clerk of Court for distribution to the Defendant's victims. In its Response, the Government states that to date, it has received approximately $4,099.00 toward the Defendant's restitution obligation through the garnishment. [Doc. 29 at 2].

II.     **ANALYSIS**

The Mandatory Victims Restitution Act (MVRA) provides that "when sentencing a defendant convicted of an offense described in subsection (c), *the court shall order*, in addition to... any other penalty authorized by law, *that the defendant make restitution to the victim* of the offense or, if the victim is deceased, to the victim's estate."  18 U.S.C. § 3663A(a)(1) (emphasis added).  Restitution under the MVRA is mandatory where a defendant has committed a crime of violence and there are identifiable victims who have "suffered a physical injury or pecuniary loss. . . ."  18 U.S.C. § 3663A(c)(1)(A)(i) and (B).  The Defendant fell within the mandate of the MVRA because he committed a crime of violence (that is, arson) against identifiable victims who suffered monetary losses.  Accordingly, the Court's order of restitution was proper and may not be remitted or waived.  See United States v. Roper, 462 F.3d 336, 338-39 (4th Cir. 2006) (holding that district courts are without authority to remit restitution orders entered under the MVRA).

The Defendant has failed to present any statutory authority or factually compelling arguments to justify a modification of his restitution obligation.  Accordingly, his motion will be denied.

# **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 29-1], which the Court will construe as a motion to waive restitution, is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 23, 2011

Martin Reidinger
United States District Judge